UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DAVID L. TURNER, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 4:18-cv-04311 |
| HUNTER WARFIELD, INC., | JURY DEMAND |
| Defendant. | |

**COMPLAINT FOR RELIEF PURSUANT
TO THE FAIR DEBT COLLECTION PRACTICES ACT**

NOW comes DAVID L. TURNER ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of HUNTER WARFIELD, INC. ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1337 as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Texas.

1

**PARTIES**

4.   Plaintiff is a 43 year-old natural person residing in Highlands, Texas which falls within the Southern District of Texas.

5.   Defendant provides revenue recovery services[1] from its headquarters located at 4620 Woodland Corporate Boulevard, Tampa, Florida.  Defendant is in the business of collecting consumer debts for others, including a debt allegedly owed by Plaintiff.

6.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7.   Several years ago Plaintiff had a residential apartment lease for his personal residence through Avenue R Apartments.

8.   Avenue R Apartments asserted that Plaintiff owed it $8,728.66 ("subject consumer debt") related to unfulfilled obligations under the lease.

9.   After Plaintiff refused to pay due to a dispute, Avenue R Apartments charged-off the subject consumer debt.

10.   Following the charge-off, Avenue R Apartments engaged the services of Defendant to seek collection of the subject consumer debt from Plaintiff.

11.   On or around September 17, 2018, Defendant started contacting Plaintiff seeking payment of the subject consumer debt through a series of collection calls and correspondence.

---

[1] http://ww2.hunterwarfield.com/about.aspx

12. Defendant's collection efforts included sending Plaintiff a correspondence dated September 17, 2018.  In this correspondence Defendant identified itself as a debt collector and sought payment of the subject consumer debt from Plaintiff.

13.  The correspondence included language which read, "As of the date of this letter, you owe $8,728.66.  Because of interest at the rate of 6.0%, late fees, or other charges that may very from day to day, the amount due on the day you pay may be greater.  Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you."

14.  Due to the language in the correspondence, Plaintiff was misled and confused by Defendant as to her rights and obligations.

15.  Defendant has also placed collection phone calls to Plaintiff's cellular phone number, (281) XXX-0053.

16.  When calling Plaintiff, Defendant has used the phone numbers (844) 440-2806 and (813) 283-4005.

17.  Upon information and belief, both of the aforementioned numbers are regularly used by Defendant during its debt collection activity.

18.  On or around October 14, 2018 Plaintiff received a collection call from Defendant.  During this call Defendant sought payment of the subject consumer debt.   In response, Plaintiff specifically told Defendant not to contact him anymore.

19.  Despite Plaintiff's demand Defendant immediately called Plaintiff back seeking payment.

20.  Plaintiff spoke with Sulaiman regarding Defendant's conduct resulting in pecuniary loss and expenditure of resources.

21.  Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to: invasion of privacy, confusion, and aggravation.

22.  Plaintiff has been unfairly harassed by Defendant.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23.  Plaintiff repeats and realleges paragraphs 1 through 22 as though full set forth herein.

24.  Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

25.  Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

26. Defendant identifies itself as a debt collector and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

27. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes

### a.  Violations of the FDCA §1692c(a)(1) and §1692d

28. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

29. Defendant violated §1692c(a)(1), d, and d(5) when it immediately called Plaintiff after being notified to stop. This behavior was done with the specific purpose of harassing Plaintiff and compelling him to make payment on the subject consumer debt.

**b.  Violations of the FDCPA §1692e**

30. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

31. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2).

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

32. Defendant violated 15 U.S.C. §§ 1692e, e(2), e(5), and e(10) through the inclusion of language mentioning late fees and other charges.  The inclusion of this language misleadingly suggests to consumers the false possibility that Defendant could collect an amount that would be above and beyond that which was outlined as the total due on the collection correspondence. The subject consumer debt was charged-off by Avenue R Apartments.  Upon charge-off, Avenue R Apartments and its successors waived the right and ability to add late fees and other charges.  It was a legal impossibility for Defendant to add late fees and other charges to the subject consumer debt at the time the correspondence was sent.   Defendant purposefully included this misleading language to install a false sense of urgency in Plaintiff so that he would be compelled to make prompt payment.

**c.  Violations of FDCPA §1692f**

33. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

34. In addition, this section enumerates specific violations, such as:

> "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law ." 15 U.S.C. §1692f(1).

35. Defendant violated §1692f and f(1) when it unfairly suggested that it could collect additional amounts above and beyond the total balance due as represented in the correspondence. Because Defendant was precluded from adding late fees and other charges to the balance of the subject consumer debt, the above referenced portions of correspondence violate the FDCPA.

36. As pled in paragraphs 20 through 22, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff DAVID L. TURNER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: November 14, 2018                                Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)                    s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                        Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                   Counsel for Plaintiff
Admitted in the Southern District of Texas              Admitted in the Southern District of Texas
Sulaiman Law Group, Ltd.                                Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                     2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                 Lombard, Illinois 60148
(630) 568-3056 (phone)                                  (630) 581-5858 (phone)
(630) 575-8188 (fax)                                    (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                thatz@sulaimanlaw.com